**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN HAIRL WILHELM,

Plaintiff - Appellant,

v.

ANTHONY ENENMOH, (CMO) Chief Medical Officer; G. MILLER, Appeals Coordinator,

Defendants - Appellees.

No. 13-16798

D.C. No. 1:10-cv-01663-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Steven Hairl Wilhelm, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Wilhelm failed to raise a genuine dispute of material fact as to whether Wilhelm had a serious medical need, and whether defendant Dr. Enenmoh acted with deliberate indifference when he denied Wilhelm a prescription for medicated or non-prison-issued soap. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a serious medical need exists if a failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain); *Toguchi*, 391 F.3d at 1057-58 (a prison official acts with deliberate indifference only if the official knows of and disregards an excessive risk to inmate health; neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in treating a medical condition amounts to deliberate indifference).

We do not consider whether summary judgment was properly granted to defendant Miller because Wilhelm did not address it in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

Wilhelm's request for ruling, filed on January 26, 2015, is denied as moot.

**AFFIRMED.**